# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

NATHANIA PERDUE,

    Plaintiff,

vs.        CASE NO.  5:07cv192-RS-AK

WESTPOINT HOME, INC.,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR REMAND AND FOR FEES AND COSTS

Before me is Plaintiff's Motion For Remand and For Fees and Costs (Doc. 13).  Defendant has filed a response in opposition to the motion (Doc. 16.)

## I.  FACTS

In this diversity action, Plaintiff Nathania Perdue alleges that Defendant Westpoint Home, Inc. unlawfully terminated her from employment because she complained about safety violations on its premises; filed a claim for workers' compensation; and requested medical treatment for injuries arising from a workplace accident in which the tendons in her right index finger were severed. Plaintiff seeks damages and equitable relief for retaliation under the Florida Private Whistleblower Act, Fla. Stat. §§ 448.101-105 (Count I), and the Florida Workers' Compensation Act, Fla. Stat. § 440.205 (Count II).

Defendant removed this action from the Fourteenth Judicial Circuit Court in and for Jackson County, Florida ("Jackson County").  The motion requests that this action be remanded to Jackson County and that Plaintiff be awarded fees and costs for expenses incurred in federal court.

As grounds for its requests for remand and for fees and costs, Plaintiff contends that:

1.  This Court lacks subject matter jurisdiction over the claim asserted in Count II and arising under the Florida Workers' Compensation Act;

2.  "State law issues predominate" and judicial economy favors remand of the claim asserted in Count I and arising under the Florida Private Whistleblower Act ("Whistleblower Act"); and

3.  An award of fees and costs is justified because Defendant lacked an objectively reasonable basis to remove.

## II.  ANALYSIS

### A.  *Retaliation Under the Florida Workers' Compensation Act and Subject Matter Jurisdiction (Count II)*

The first issue is whether this Court has subject matter jurisdiction over the retaliation claim asserted in Count II.  28 U.S.C. § 1445(c) states that

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

28 U.S.C. § 1445(c).

The question then is whether the retaliation claim asserted in Count II "arises under" Florida's workers' compensation laws. In *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000), the plaintiff alleged that he was unlawfully discharged by his Alabama employer in retaliation for filing a claim for workers' compensation benefits. In that case of first impression, the Eleventh Circuit in *Reed* held that the district court lacked subject matter jurisdiction over the plaintiff's retaliatory discharge claim. *Id.* at 1061. The court stated that "for the purposes of section 1445(c), Alabama's retaliatory discharge cause of action arises under that state's workers' compensation laws." *Id.* at 1060. Lacking subject matter jurisdiction over the plaintiff's retaliatory discharge claim, the *Reed* court remanded the claim to state court. *Id.* at 1061.

Defendant protests *Reed*'s applicability to the facts in this case. Defendant contends that *Reed* is distinguishable because the Eleventh Circuit was interpreting Alabama, not Florida, law. Defendant avers that under Alabama law, a general release of claims involving underlying workplace injuries precludes a claimant from maintaining a related workers' compensation retaliation claim. Under Fla. Stat. § 440.205[1], however, Defendant asserts that a general release of workers' compensation liability does not automatically immunize a defendant from liability for retaliation. Defendant thus characterizes a claim for retaliation in Florida as a "creature of tort" and as not "arising under" Florida's workers' compensation laws.

I reject Defendant's contentions, however, because I find that *Reed* and the decisions upon which it relied control my disposition of the motion. Although the *Reed* court acknowledged that Alabama courts have construed a general release of

---

[1]Fla. Stat. § 440.205 states that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

claims related to a workplace injury to bar a subsequent retaliatory discharge action, its holding that the retaliatory discharge claim "arose under" Alabama's workers' compensation laws did not rest solely or even primarily on that observation; rather, the court justified its holding on broader grounds. Specifically, the *Reed* court found that the Alabama retaliatory discharge statute was

> an integral part of Alabama's worker's compensation regime. Codified together with the remaining workers' compensation laws, it was passed to enhance the efficiency of the overall workers' compensation system. The retaliatory discharge cause of action increases workers' willingness to file compensation claims, and it limits employers' ability to discourage them. In so doing, [Alabama's retaliatory discharge statute] encourages prompt and thorough medical attention for workplace injuries. Under the plain meaning of section 1445(c), claims raised under [Alabama's retaliatory discharge statute] arise under Alabama's workers' compensation laws.

*Id.* at 1060. The *Reed* court also relied on the legislative history and purpose of § 1445(c):

> In holding that retaliatory discharge claims in Alabama cannot be removed from state court because they arise under Alabama's workers' compensation laws, we further section 1445(c)'s apparent purpose of limiting the workload of the federal courts.

*Id.*

Finally, the *Reed* court found inapplicable circuit decisions addressing whether *common law* causes of action "arise under" workers' compensation laws for section 1445(c) purposes. *Id*. at 1060 (discussing *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722 (7th Cir. 1994); *Arthur v. E.I. DuPont de Nemours & Co.*,

58 F.3d 121 (4th Cir. 1995)).  The court instead was guided by two opinions from the Fifth and Eighth Circuits which held that *statutory* causes of action for workers discharged because they filed workers' compensation claims did "arise under" states' workers' compensation laws for purposes of section 1445(c).  *Id.* at 1060 (discussing *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995)).

In *Jones*, the court held that Texas's retaliatory discharge statute arose under that state's workers' compensation laws.  *Id.* at 1092.  This was true even though the retaliation statute was not contained within the workers' compensation chapter.  The *Jones* court stated that

> Congress intended that all cases arising under a state's workers' compensation scheme remain in state court, [and] we believe that we should read section 1445(c) broadly to further that purpose . . . . [The retaliatory discharge statute] enables injured workers to exercise their rights under [the workers' compensation scheme] . . . . Were workers to refrain from filing claims for benefits or otherwise to refuse to participate in compensation proceedings for fear of retaliation, the legislature's elaborate workers' compensation scheme would be adversely affected . . . . In short, were it not for the workers' compensation laws, [the retaliatory discharge statute] would not exist, as its incorporation in Title 130 of the revised civil statutes of Texas covering workers' compensation suggests.

*Jones*, 931 F.2d at 1092.

The Eighth Circuit in *Humphrey* held that the plaintiff's claim for retaliatory discharge "arose under" Missouri's workers' compensation laws because the claim

was brought pursuant to a state statute, Mo. Rev. Stat. § 287.780[2], within the state's workers' compensation laws. *Humphrey*, 58 F.3d at 1246. The *Humphrey* court rejected the defendant's contention that Congress could not have intended section 1445(c) to apply to a "fault-based" claim for retaliatory discharge nested within a "no-fault" workers' compensation scheme:

> Under the plain meaning of [section 1445(c)], where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies.

*Id.*

Significantly, the courts in *Reed*, *Jones,* and *Humphrey* were not distracted by the defendants' attempts in those cases to carve exceptions to the applicability of § 1445(c). Likewise, Defendant's attempt here to except § 1445(c)'s applicability to Florida based solely on one distinction between Florida and Alabama law is without foundation.

At least one other district court within the Eleventh Circuit has rejected the specific argument raised here by Defendant. *See Johnston v. Morton Plant Mease Healthcare, Inc.*, 2007 WL 570078, *2, Case No. 8:07cv179 (M.D. Fla. February 20, 2007) ("Even though this modicum of a distinction exists between the case law of [Florida and Alabama], it is not enough to tip the scales in favor of a finding that

---

[2]Mo. Rev. Stat. § 287.780 states that

> [n]o employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

retaliatory discharge claims do not "arise under" the workers' compensation laws of Florida."); *accord*, *Quitto v. Bay Colony Golf Club, Inc.*, 2006 WL 2598705, *2, Case No. 2:06cv286 (M.D. Fla. September 11, 2006) (holding that, "as a matter of federal law, plaintiff's retaliatory discharge claim . . . 'arises under the workmen's compensation law' within the meaning of § 1445(c)"). Defendant fails to identify any authority from or within the Eleventh Circuit in support of its position.

Guided by the legal analyses in *Reed*, *Jones*, and *Humphrey*, I find that Florida's retaliatory discharge statute, Fla. Stat. § 440.205, arises under Florida's workers' compensation laws because

1.  Section 440.205 is a statutory cause of action within Florida's workers' compensation chapter and is an integral part of Florida's workers' compensation scheme; and

2.  Section 1445(c) should be broadly applied per its plain language and legislative history.

Consequently, this Court lacks subject matter jurisdiction over Count II. Count II must be remanded to state court. 28 U.S.C. § 1447(c).

## B.  *Full or Partial Remand*

While Count II must be remanded, the parties dispute whether the sole remaining count, Count I, which arises under the Florida Private Whistleblower Act, Fla. Stat. §§ 448.101-105, must or should also be remanded. In support of its request to remand Count I, Plaintiff relies on 28 U.S.C. § 1441(c). This statute

states that:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Plaintiff's reliance on § 1441(c) is misplaced. Section 1441(c) is inapplicable because it only applies, according to its plain language, when one claim or cause of action involves a federal question under 28 U.S.C. § 1331.[3] Jurisdiction for the claims arising under Florida law in Counts I and II, however, is based solely on diversity of citizenship, not federal question. I therefore find it improper to remand Count I based on § 1441(c).

Plaintiff next avers, however, that economy favors remand of Count I because both Counts I and II assert claims for retaliation that consist of "overlapping facts, witnesses, and exhibits. Plaintiff has moved out of state and can ill-afford duplicative discovery and trial in two cases proceeding at the same time in separate courts." Plaintiff also contends that she crafted the pleadings to "provide synergy between the claims," and that partial remand of the case may create "preclusion issues of res judicata or collateral estoppel" as well as conflicting discovery and evidentiary rulings.

Plaintiff cites no authority in support of her contention that considerations of economy may outweigh the statutory right of a defendant to remove a claim to federal court where federal jurisdiction is proper. Plaintiff does not contend that

---

[3]28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

jurisdiction based on diversity under 28 U.S.C. § 1332 is lacking on Count I. Plaintiff instead challenges the propriety of removal based on considerations of economy. Plaintiff, however, is foreclosed from challenging the propriety of removal on Count I because she concedes that she failed to do so within the thirty-day window of opportunity permitted by 28 U.S.C. § 1447(c).[4] A plaintiff may not challenge the propriety of removal after the thirty-day window of opportunity to contest removal under § 1447(c) has expired; rather, a court may, at that time, only consider whether *subject matter jurisdiction* exists. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 n.64 (11th Cir. 2007) (*citing Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702, 92 S. Ct. 1344, 1347, 31 L. Ed. 2d 612 (1972)).

I lack discretionary authority to remand to state court a claim for which jurisdiction in this Court is proper. *See Buchner v. F.D.I.C.*, 981 F.2d 816, 820 (5th Cir. 1993). Diversity jurisdiction is not discretionary. As the Supreme Court stated in *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351, 96 S. Ct. 584, 593, 46 L. Ed. 2d 542 (1976),

> We are not convinced that Congress ever intended to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute.

Here, because Plaintiff does not contest subject matter jurisdiction on Count I, I find it improper to grant Plaintiff's request to remand Count I. In so concluding, I note that other courts have denied requests to remand claims for which jurisdiction is proper simply because those claims are related to claims

---

[4] 28 U.S.C. § 1447(c) states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

which have been remanded for lack of subject matter jurisdiction. *See Johnston*, 2007 WL 570078, *3; *Quitto*, 2006 WL 2598705, *2.

*C. Fees and Costs*

Finally, Plaintiff requests an award of fees and costs for expenses incurred in federal court. 28 U.S.C. § 1447(c) permits a court to award "just costs and any actual expenses, including attorney fees, incurred as a result of removal." However, the Supreme Court has stated that

> [a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547, 555 (2005)

Although Plaintiff quoted the above language from *Martin* in its motion, she omitted language contained within the same paragraph stating that "a plaintiff's delay in seeking remand . . . may affect the decision to award attorney's fees." *Id*. Here, I find that an award of attorney's fees and costs is not justified for the following reasons:

1. Plaintiff delayed in her request for remand beyond the thirty-day period permitted by 28 U.S.C. § 1447(c);

2. Defendant did not lack an objectively reasonable basis for seeking removal because *Reed*, the single controlling decision on the jurisdictional question raised by Plaintiff, construed Alabama's workers' compensation law within the

context of 28 U.S.C. § 1445(c) and not Florida law; and

    3.  Federal jurisdiction is proper on Count I.

### III.  CONCLUSION

Plaintiff's Motion For Remand and For Fees and Costs (Doc. 13) is **granted in part and denied in part** as follows:

    1.  Plaintiff's request to remand the claim for retaliation asserted in Count II and arising under Florida Workers' Compensation Act, Fla. Stat. § 440.205, is **granted**.  Count II only is remanded to state court.

    2.  Plaintiff's request to remand the claim for retaliation asserted in Count I and arising under the Florida Private Whistleblower Act, Fla. Stat. §§ 448.101-105, is **denied**.

    3.  Plaintiff's request for fees and costs is **denied**.

    4.  The Clerk is directed to remand Count II only to the Fourteenth Judicial Circuit Court for Jackson County, Florida, and to transmit a certified copy of this order to the clerk of that court.

**ORDERED** on October 26, 2007.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**
