IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NATHANIA PERDUE,

      Plaintiff,

vs.                                  CASE NO. 5:07cv192-RS-AK

WESTPOINT HOME, INC.

      Defendant.
_____/

## ORDER

Before me are (1) Defendant's Motion to Dismiss Count I of Plaintiff's Second Amended Complaint, Motion for More Definite Statement of Prayer for Relief, and Motion to Strike Certain Claims (Doc. 20) and (2) Defendant's Objections to Magistrate Judge's Ruling on Plaintiff's Motion for Protective Order and to Quash Subpoena (Doc. 35).  The motion and objections are opposed.

### I.  Background

In this diversity action, Plaintiff Nathania Perdue alleges that Defendant Westpoint Home, Inc. unlawfully terminated her from employment because she complained about safety violations on its premises; filed a claim for workers' compensation; and requested medical treatment for injuries arising from a workplace accident in which the tendons in her right index finger were severed. The Second Amended Complaint (Doc. 12-2) seeks damages and equitable relief for retaliation under the Florida Private Whistleblower Act, Fla. Stat. §§ 448.101-

105 (Count I), and the Florida Workers' Compensation Act, Fla. Stat. § 440.205 (Count II).

Upon Plaintiff's motion, I entered an order remanding the worker's compensation claim in Count II to the Fourteenth Judicial Circuit Court for Jackson County, Florida (Doc. 21). The sole remaining count before this Court – Count I – includes claims for retaliation under two subsections of the Florida Private Whistleblower Act ("Whistleblower Act"), §§ 448.102(1) & 448.102(3).[1]

The motion requests:

(1) dismissal of the Whistleblower Act claims asserted in Count I under Fed. R. Civ. P. 12(b)(6);

(2) that the claim for punitive damages under the Whistleblower Act be stricken; and

---

[1]The subsections state that:

> An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation.  However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

Fla. Stat. §§ 448.102(1) & (3).

(3) a more definite statement of the request for relief.

The objections to the Magistrate Judge's order on Plaintiff's motion for protective order and to quash subpoena request:

(4) that the Magistrate Judge's order quashing the subpoena for the deposition of Dr. Bruce Hall and preventing Defendant from obtaining Plaintiff's medical records from five health care providers (Doc. 32) be modified or set aside.

As grounds for dismissal of the Whistleblower Act claims in Count I, Defendant contends that Plaintiff has failed to allege facts sufficient to state plausible claims for relief under subsections (1) and (3) of the Whistleblower Act, Fla. Stat. §§ 448.102(1) and 448.102(3).  Specifically, as to the first Whistleblower Act claim arising under § 448.102(1), Defendant asserts that "Plaintiff has failed to sufficiently allege that she provided written notification to her employer of the intent to disclose, or the actual disclosure of, some violation of law by the employer" as required by that subsection.  As to the second Whistleblower Act claim arising under § 448.102(3), Defendant contends that "[a]lthough [Plaintiff] generally alleges that she 'voiced her opposition to the illegal practices" of the employer, "there is no reference [in the complaint] to the applicable law, rule, or regulation alleged to have been violated."  Defendant avers that Plaintiff's allegations under the Whistleblower Act "state only vague references to legal violations and objections and make unsupported allegations of written disclosures to governmental agencies."

In support of its request to strike Plaintiff's claim for punitive damages, Defendant contends that punitive damages are not recoverable under the Whistleblower Act.

As grounds for Defendant's motion for a more definite statement of

Plaintiff's request for relief, Defendant contends that because the Workers' Compensation Act claim asserted in Count II has been remanded, it is unclear whether the relief sought by Plaintiff – attorneys' fees, punitive damages, and injunction – continues to apply to the Whistleblower Act claim asserted in Count I. Accordingly, Defendant seeks clarification about which damages apply to the sole remaining count.

Finally, Defendant timely objects to the Magistrate Judge's Order granting Plaintiff's motion for protective order of her medical records and quashing the subpoena duces tecum relating to the scheduled deposition of Dr. Bruce Hall. Defendant contends that the Magistrate Judge's Order is clearly erroneous or contrary to law under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).

## II.  Analysis

### A.  Motion to Dismiss Standard

Dismissal under Rule 12(b)(6) eliminates a pleading or portion of a pleading which fails to state a claim upon which relief can be granted.  In deciding whether to dismiss, the court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 235, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90, 96 (1974); *Lopez v. First Union Nat'l Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997); *Harper v. Thomas*, 988 F.2d 101, 103 (11th Cir. 1993).

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, the allegations in the complaint must contain enough factual matter (taken as true even if doubtful in fact) to establish "plausible," as opposed to merely "possible" or "speculative," entitlement to relief.  *Bell Atlantic Corp. v.*

*Twombly*, 127 S. Ct. 1955, 1964-66 (U.S. 2007) (citations omitted). A plausible entitlement to relief exists when the allegations in the complaint traverse the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Id.* at 1966, n.5. In other words, the factual allegations must "raise a reasonable expectation" or a "reasonably founded hope" that "discovery will reveal evidence" in support of the claim. *Id.* at 1964-66. And of course, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 1964-65 (citation omitted).

While a complaint attacked by a motion to dismiss for failure to state a claim upon which relief can be granted does not require detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice. *Id.* at 1964-65 (citations omitted). A court is not required to accept as true a plaintiff's conclusions of law. *See Solis-Ramirez v. United States Dep't of Justice*, 758 F.2d 1426, 1429 (11th Cir. 1985) (*citing Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)). The court may make its own determination of the legal issue, . . . ." *Solis-Ramirez*, 758 F.2d at 1429. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. Ltd. V. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (*citing South Florida Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). Finally, dismissal under Rule 12(b)(6) does not require appearance, beyond a doubt, that plaintiff can prove no set of facts in support of a claim that would

entitle him to relief, although once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Twombly, supra*, at 1968 (*abrogating Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80).

**B. Sufficiency of Count I - Whistleblower Act**
    **1. Fla. Stat. § 448.102(1)**

The claim asserted in Count I and arising under Fla. Stat. § 448.102(1) fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). The plain language of subsection (1) of the Whistleblower Act unambiguously requires that the disclosure or threatened disclosure of Defendant's allegedly unlawful activity, policy, or practice be "under oath" and "in writing." The subsection "does not apply unless the employee has, *in writing*, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice." § 448.102(1) (emphasis added).

Here, the Second Amended Complaint is devoid of any factual allegation that Plaintiff disclosed, or threatened to disclose, to a governmental agency, Defendant's allegedly unlawful activity, policy, or practice "under oath, in writing." Further, Plaintiff has failed to properly allege that she notified Defendant, "in writing," of its allegedly unlawful activity, policy, or practice.

Plaintiff's single reference to the "in writing" and "under oath" requirements of § 448.102(1) is in paragraph 55 of the Second Amended Complaint, which states that:

> 55. Plaintiff disclosed, or threatened to disclose, to any

> appropriate governmental agency, under oath, in writing, an activity, policy, or practice of Defendant that is in violation of a law, rule, or regulation.

(Am. Compl., Doc. 12-2, p. 6 ¶ 55.)

This allegation merely recites, in a conclusory manner, the statutory language of § 448.102(1). Although the general allegations asserted in paragraphs 7 through 52 of the Second Amended Complaint appear to provide a chronology of the alleged facts pertinent to the lawsuit, they fail to support an inference that Plaintiff has satisfied the "under oath" and "in writing" requirements of § 448.102(1). In this way, the allegations pertaining to Count I of the most recent complaint fail to traverse the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Twombly, supra,* at 1966, n.5. Under *Twombly*, Plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions; her formulaic recitation of the elements of the cause of action will not suffice. *Twombly, supra,* at 1964-65 (citations omitted). The claim for relief asserted in Count I under § 448.102(1) is merely a "formulaic recitation of the elements of the cause of action."

Accordingly, the claim asserted in Count I and arising under the Whistleblower Act, § 448.102(1), must be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Because Plaintiff could potentially state a viable claim under § 448.102(1), dismissal is without prejudice and leave to amend the complaint is granted.

### 2. Fla. Stat. § 448.102(3)

The claim asserted in Count I and arising under Fla. Stat. § 448.102(3) also fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Subsection (3) of the Whistleblower Act unambiguously requires that the activity, policy, or practice of the employer to which Plaintiff has objected or in which she has refused to participate violate a "law, rule, or regulation." § 448.102(3). The Whistleblower Act defines "law, rule, or regulation" as "any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business." § 448.101(4).

Plaintiff generally alleges that she objected to or refused to participate in Defendant's unlawful activity. However, she fails to identify the specific law, rule, or regulation that Defendant allegedly violated. Plaintiff protests that she is not required to cite statutory authority in a complaint and admits that the discovery process has revealed the statutory grounds for her claims.

Plaintiff's objections to dismissal of the portion of Count I arising under § 448.102(3) are without merit. On September 17, 2007, I entered a scheduling and mediation order which set a discovery deadline of March 3, 2008 (Doc. 10). The discovery deadline is approximately one month from the date of this order, and I presume that the parties have been conducting discovery. Indeed, several motions relating to discovery appear on the docket. Plaintiff admits that she is now aware of the law, rule, or regulation which serves as the basis of her Whistleblower Act claim. Plaintiff, however, does not cite the law, rule, or regulation in her response to the motion to dismiss. I will not countenance Plaintiff's "opaque" approach to the merits of her case at this late stage. Requiring that Plaintiff simply

cite a law, rule, or regulation on which her claim rests, as required by § 448.102(3), does not place too onerous a burden on her. The claim is either viable, or it is not. Absent such a citation, I can only conclude that Plaintiff lacks the legal foundation necessary to entitle her to relief under § 448.102(3) of the Whistleblower Act.

Accordingly, the claim asserted in Count I and arising under the Whistleblower Act, § 448.102(3), must be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Because Plaintiff could potentially state a viable claim under § 448.102(3), dismissal is without prejudice and leave to amend the complaint is granted.

## C. Punitive Damages Under the Whistleblower Act

Defendant moves to strike Plaintiff's claim for punitive damages, contending that punitive damages are not recoverable under the Whistleblower Act. Plaintiff concedes in her response to the motion that

> Plaintiff never sought punitive damages under the whistleblower statute. All she did was state a general plea for punitive damages in the prayer for relief. All that ever meant or could have meant is that Plaintiff sought punitive damages to the extent allowed by law.

(Mot. Resp., Doc. 24, p. 6). I note that at least one decision of a court within the Eleventh Circuit has held that punitive damages are not recoverable under the Whistleblower Act. *See Branche v. Airtran Airways, Inc.*, 314 F. Supp. 2d 1194, 1195-96 (M.D. Fla. 2004). Plaintiff cites no authority to the contrary. Relying on Plaintiff's clarification that she does not seek punitive damages under the Whistleblower Statute; her tacit acknowledgment that punitive damages are not recoverable; and the court's decision in *Branche* holding that punitive damages are

unavailable under the Whistleblower Act, I find it proper to grant Defendant's request to strike Plaintiff's claim for punitive damages. The claim for punitive damages is stricken. The amended complaint, if filed, shall not include a request for punitive damages.

### D.  Motion for More Definite Statement

The Second Amended Complaint requests the following damages: attorneys' fees, punitive damages, and permanent injunction. Because the Workers' Compensation Act claim asserted in Count II has been remanded, Defendant contends that it is unclear whether the remedies sought by Plaintiff – attorneys' fees, punitive damages, and injunction – continue to apply to the Whistleblower Act claims asserted in Count I. Accordingly, Defendant seeks clarification about which damages apply to the sole remaining count.

Pursuant to this order, the claim for punitive damages has been stricken. Accordingly, Plaintiff shall specify in the amended complaint, if filed, whether she seeks attorneys' fees, an injunction, or both, on her Whistleblower Act claims.

### E.  Objections to Magistrate Judge's Order

Finally, Defendant requests that I modify or set aside the Magistrate Judge's Order granting Plaintiff's motion for protective order of her medical records and quashing the subpoena relating to the scheduled deposition of Dr. Bruce Hall (Doc. 32). Magistrate Judge Kornblum's order found that the discovery sought by Defendant is privileged under the psychotherapist-patient privilege contained in

Fla. Stat. § 90.503(2)[2] and that the exception to the privilege in Fla. Stat. § 90.503(4)(c)[3] does not apply (Doc. 32).  Defendant objects to Judge Kornblum's order on the following grounds:

(1) Plaintiff has waived any applicable privilege by placing her mental state at issue on her claims of damages and liability under the Whistleblower Act, and

(2) Defendant's request for documents is not overbroad.

Under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), a magistrate judge's ruling on discovery and nondispositive matters is not subject to de novo review by a district judge; rather, a district judge must modify or set aside any

---

[2]The Florida psychotherapist-patient privilege states, in relevant part:

> A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional condition, including alcoholism and other drug addiction, between the patient and the psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship.

Fla. Stat. § 90.503(2).

[3]The psychotherapist-patient privilege does not apply:

> For communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense.

Fla. Stat. § 90.503(4)(c).

portion of the ruling if clearly erroneous or contrary to law. *Id.* Under this standard of review, a magistrate judge's ruling is presumptively correct and deserves substantial deference by the district judge. The decision will be affirmed unless the reviewing judge has a "definite and firm conviction that a mistake" has been made. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746, 766 (1948).

Although Plaintiff's motion erroneously relies on federal law, Defendant acknowledges in its objections that Judge Kornblum's order correctly identifies that Florida statutory law, not federal law, governs whether the psychotherapist-patient privilege applies to the disputed discovery in this diversity action. See Fla. Stat. § 90.503 (Psychotherapist-patient privilege). Judge Kornblum's order correctly sets forth the statutory language of the privilege and the relevant exception to the privilege. The order correctly acknowledges that the privilege does not apply when a patient in an action relies on her mental or emotional condition as an element of her claim or defense.

Applying this law to the facts of the case, Judge Kornblum found that Defendant failed to overcome its burden of proving that the exception applies to the requested discovery. Central to this determination were Judge Kornblum's findings that the compensatory damages allegedly sought by Plaintiff, and the behaviors which Defendant alleges contributed to her termination, do not justify intrusion into Plaintiff's privileged communications.

The order characterizes Plaintiff's claim as an "employment issue" and finds that Plaintiff merely referenced emotional losses during discovery; that "Plaintiff's references to emotional consequences from her work experiences [do not] establish[] a mental condition or emotional injury beyond what would be expected

from any sudden job loss"; and that Plaintiff's alleged behaviors preceding her termination, "as described by Defendant, do not . . . exhibit a mental condition so as to make it an element of her claim for retaliation."  The order also found that "[t]he medical records sought by the subpoena seek 'any and all information' on [Plaintiff's] entire medical history for any accident, condition, illness or injury with no date or time restrictions" and that the subpoena "is clearly overly broad encroaching upon clearly confidential and irrelevant information, e.g. HIV results."

I find that Judge Kornblum's ruling is not clearly erroneous or contrary to law.  The Florida legislature has recognized the importance of protecting as privileged the communications between a psychotherapist and a patient:

> The privilege is based on the recognition that a patient of a [psychotherapist] is expected to 'bare his or her soul' and reveal matters of a private nature in order to receive help, but will not do so if the [psychotherapist] can be compelled to reveal these innermost thoughts and confidences on the witness stand.

*Palm Beach Co. Sch. Bd. v. Morrison*, 621 So. 2d 464, 468 (Fla. 4th DCA 1993) (quoting *Cantor v. Toyota Motor Sales*, 546 So. 2d 766, 767 (Fla. 5th DCA 1989). Defendant does not challenge Plaintiff's entitlement to the privilege in the first instance.  Thus, it is undisputed that the privilege applies.  Defendant protests that Plaintiff has *waived* the privilege.  It is therefore Defendant's burden to establish that the exception applies.  *Nelson v. Womble*, 657 So. 2d 1221, 1222 n. 1 (Fla. 5th DCA 1995).

Judge Kornblum's order cites to decisions from Florida courts interpreting the applicability of and the exceptions to the psychotherapist-patient privilege. Notably, no Florida court has construed the privilege and the exception on which

Defendant relies within the context of a Whistleblower Act claim involving issues and facts similar to those presented in this case. Although Defendant contends that the cases cited in the order "are inapposite here," Defendant cites no case that *is* applicable.

The cases cited by Defendant in support of its argument for waiver involve claimed damages for mental anguish arising from motor vehicle accidents and medical malpractice. See *Ireland v. Francis*, 945 So. 2d 524 (Fla. 2d DCA 2006); *Byxbee v. Reyes*, 850 So. 2d 595 (Fla. 4th DCA 2003); *Scheff v. Mayo*, 645 So. 2d 181, 182 (Fla. 3d DCA 1994); *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467 (11th Cir. 1984). The justification for piercing the psychotherapist-patient privilege is certainly more robust in these types of cases, which sound in tort; which involve physical injuries; and where the mental and emotional conditions of the plaintiffs are undisputedly elements of their damages claims.

Here, Plaintiff has sued under Title 31, the labor provisions of the Florida Statutes. Although the privilege may, of course, be waived in a suit brought under the Whistleblower Act, a court must also act prudently to insure that it does not frustrate the public policies behind both the privilege and the Whistleblower Act. The Florida Supreme Court has stated that the Whistleblower Act, as a remedial statute, "should be liberally construed in favor of granting access to the remedy provided by the Legislature." *Golf Channel v. Jenkins*, 752 So.2d 561, 565-66 (Fla. 2000). The intent of the legislature to provide a remedy to employees who claim that they were retaliated against because they objected to an employer's allegedly unlawful practices would be frustrated if complaining employees feared that defendant employers could be granted unfettered access to confidential communications about their medical and psychological conditions.

Although Plaintiff's motion requested a protective order for medical information held by five health care providers and moved to quash the subpoena for the deposition of Dr. Hall, Defendant's response to the motion and its objections to Judge Kornblum's order identify only *two* individuals who possess allegedly privileged information: Dr. Akerson and Dr. Hall. I address Defendant's discovery requests pertaining to the five health care providers, Dr. Akerson, and Dr. Hall below.

### 1. Five Health Care Providers

As to the five health care providers, Defendant fails to identify the providers; fails to explain the role of each provider in treating Plaintiff; fails to establish how the treatments provided by the providers are relevant to Plaintiff's damages claims; and fails to set forth, with any degree of specificity, the alleged communications between Plaintiff and each provider that it claims are excepted from the privilege. Defendant's request for unspecified, privileged information from unidentified individuals functions as an overbroad, omnibus request that does not warrant intrusion into a statutory privilege.

### 2. Dr. Akerson

As to Dr. Akerson, Judge Kornblum specifically stated that his order did not address discovery related to this individual because Plaintiff did not move to quash the subpoena for the deposition of Dr. Akerson:

> Dr. Akerson was subpoenaed for deposition on January 8, 2008, (doc. 31, exhibit 1), but this subpoena was not raised as an issue in Plaintiff's motion, which implied that an agreement had been reached between counsel to stay all other depositions until this ruling.

(Doc. 32, p. 1 n. 1.) Accordingly, any discovery dispute related to Dr. Akerson is

not properly before me at this time. If Defendant seeks discoverable information from Dr. Akerson that Plaintiff refuses to provide, the appropriate avenue for requesting relief is by motion addressed to Judge Kornblum.

### 3. Dr. Hall

The sole individual remaining who Defendant alleges possesses information that is excepted from the privilege is Dr. Hall. Defendant contends that Dr. Hall is an orthopedic surgeon who surgically repaired the injury to Plaintiff's finger and prescribed narcotic pain medications to Plaintiff. Defendant asserts that Plaintiff had been taking other pain medications because of a drug addiction and that she had failed to inform Dr. Hall of the addiction and the other medications. When Plaintiff allegedly communicated to nurses employed by Defendant that she was taking other medications, the nurses conveyed that information to Dr. Hall. Dr. Hall then ordered that Plaintiff be drug tested. Plaintiff alleges that Defendant fabricated the allegations relating to her medications and drug addiction for the purpose of concocting a legitimate reason to conduct a drug test and terminate her employment.

Based on these allegations, I am puzzled by what privileged information Defendant expects to obtain from Dr. Hall. The privilege and the exception apply only to *communications*. See Fla. Stat. § 90.503(4)(c). Thus, to invoke the privilege and the exception, Defendant must first assert that Plaintiff has engaged in "communications" with Dr. Hall that are relevant to her mental or emotional condition and that Plaintiff "relies upon the condition" as an element of her claim.

Defendant's sole allegation involving any possible communication between Plaintiff and Dr. Hall is that Plaintiff failed to inform Dr. Hall of her drug addiction and other medications that she had been taking. However, Defendant concedes

that Plaintiff *admitted* in her deposition that she failed to communicate that information to Dr. Hall.  Deposition testimony is admissible at trial.  Plaintiff's communications about her drug addiction and medications were with the *nurses*, not with Dr. Hall.  Defendant contends that the nurses, *not Plaintiff*, conveyed the information about Plaintiff's alleged drug use to Dr. Hall.  A party-opponent's admissions to a witness are generally admissible at trial.  Defendant fails to identify or even speculate about any communications between Plaintiff and Dr. Hall that are excepted from the privilege.

As a final thought, I note that the bulk of Defendant's contentions in support of waiver of the privilege ignore the central issue.  Defendant emphasizes that the exception should apply because Plaintiff seeks recovery for "intangible emotional losses," "embarrassment and humiliation," "sleeplessness, anxiety attacks," and "extreme weight loss," as well as "stress, depression, and strain on her marriage ultimately resulting in divorce."  Defendant asserts that because Plaintiff seeks such damages, that Plaintiff has placed in issue her mental or emotional condition and is relying on that condition as an element of her claim.

However, Defendant has placed the cart before the horse.  The nature of the compensatory damages sought by one entitled to a privilege does not wholly determine whether the claimant has waived the privilege and the exception applies.  The dispositive inquiry into the applicability of the privilege and its exception requires an analysis of the *communications,* not the *subject* of the communications, between Plaintiff and the individuals to which the privilege applies.

If Defendant believes that it is entitled to discover communications to which the privilege either does not apply or from which the privilege is excepted, it may amend and renew its motion, identifying, with greater specificity, the individuals

from whom the discovery is sought and assert how the alleged communications between Plaintiff and those individuals are discoverable as either not privileged or as excepted from the privilege because the "communications [are] relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense." Plaintiff's amended motion shall specify, with precision, the mental or emotional damages claimed.

### III. Conclusion

A.  Defendant's Motion to Dismiss Count I of Plaintiff's Second Amended Complaint, Motion for More Definite Statement of Prayer for Relief, and Motion to Strike Certain Claims (Doc. 20) is **GRANTED**.

    1.  The claim asserted in Count I and arising under the Whistleblower Act,  § 448.102(1), is **DISMISSED WITHOUT PREJUDICE**.

    2.  The claim asserted in Count I and arising under the Whistleblower Act,  § 448.102(3), is **DISMISSED WITHOUT PREJUDICE**.

    3.  Plaintiff's claim for punitive damages under the Whistleblower Act is **STRICKEN**.

    4.  Not later than February 8, 2008, Plaintiff shall, if she chooses, file an amended complaint for each claim that has been dismissed without prejudice.

    5.  Plaintiff shall specify, with precision, (1) the mental or emotional damages claimed and (2) whether she seeks attorneys' fees, an injunction, or both, on her claims arising under the Whistleblower Act.


Page 19 of 19

B.  Defendant's Objections to Magistrate Judge's Ruling on Plaintiff's Motion for Protective Order and to Quash Subpoena (Doc. 35) is **OVERRULED**. The Magistrate Judge's ruling is **AFFIRMED**.

**ORDERED** on January 31, 2008.

<u>/s/ Richard Smoak</u>
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**